O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE ANTHONY FLORES, | § | |
| TDCJ # 866398, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-03-1723 |
| | § | |
| DOUGLAS DRETKE,[1] | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Lee Anthony Flores, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a state felony conviction. Having reviewed the petition and available state records, the court finds that Flores's habeas petition is untimely. Accordingly, this action will be **DISMISSED** under the provisions of 28 U.S.C. § 2244(d).

**I. Procedural History and Claims**

Flores was charged with aggravated assault. After entering a guilty plea, Flores was found guilty and sentenced to ten years in the Texas Department of Criminal Justice. *State v. Flores*, No. 680491 (262nd Dist. Ct., Harris County, Tex., Jan. 26, 1999). No direct appeal was filed.

On September 27, 2000, more than one year and eight months after the date of the criminal judgment, Flores filed a state application for a writ of habeas corpus under Article 11.07 of the Texas

---

[1] Former Texas Department of Criminal Justice - Institutional Division Director Janie Cockrell was the respondent when this action was filed. Douglas Dretke has replaced Cockrell as the Director. Accordingly, Dretke "is automatically substituted as a party." FED. R. CIV. P. 25(d)(1).

Code of Criminal Procedure.[2] The application was forwarded to the Texas Court of Criminal Appeals which denied relief without a written order on March 13, 2002. *Ex parte*, *Flores*, No. 51,219-01. *See* Internet Website for the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions. On September 23, 2002, Flores filed a motion for a writ of mandamus with the Court of Criminal Appeals.[3] The Court denied the motion on February 12, 2003. *Id*. Flores executed his federal petition for a writ of habeas corpus on May 14, 2003. Therefore, it is considered filed on that date. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998).

Flores presents the following claims:

1. Flores received ineffective assistance of counsel.

2. There was insufficient evidence to convict Flores.

## II. One-Year Statute of Limitations

Flores's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

---

[2] This court verified the filing date of the state habeas application by contacting the Harris County District Clerk's Office.

[3] Flores alleges that he filed a second state habeas application, but the trial court refused to forward the application to the Court of Criminal Appeals. However, there is no record of one being filed. Apparently, Flores filed the mandamus motion in order to force the trial court to act on the alleged application.

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Flores entered a guilty plea on January 26, 1999, and did not appeal. Therefore, the conviction became final on February 25, 1999, the last day he could have filed a notice of appeal. TEX. R. APP. P. 26.2(a) (West 1999) (defendant must file his appeal within 30 days of the date the trial court enters its judgment). *See also Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003), *citing Flanagan*, 154 F.3d at 197. Pursuant to the AEDPA, Flores had one year from February 25, 1999, to file a federal habeas petition. *See Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004). In the alternative, Flores needed to file a state habeas application within the one-year period in order to toll it. *Flanagan*, 154 F.3d at 199 n.1.

As noted above, Flores filed a state habeas application on September 27, 2000, one year and seven months after his conviction became final. Consequently, the application did not toll the one-year limitation period because it was filed well beyond the period's expiration date. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Clearly, Flores's subsequent state actions do not toll the limitation period either. *See also Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (state court mandamus application did not toll one-year limitations period under the AEDPA).

Flores's federal petition for a writ of habeas corpus was filed May 14, 2003, or more than four years after his conviction became final. Therefore, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A). There is no indication that Flores was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this habeas action is subject to dismissal because it is untimely.

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000). If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001), *quoting Slack*, 120 S.Ct. at 1604.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  This Court concludes that Flores is not entitled to a COA under the applicable standards.  *See* 28 U.S.C. § 2253(c).

### IV. Conclusion

The court **ORDERS** the following:

1. This cause of action is **DISMISSED** with prejudice.

2. A certificate of appealability from this dismissal is **DENIED**.

3. The Clerk shall send a copy of this Memorandum Opinion and Order to the Office of the Texas Attorney General and to the petitioner.

**SIGNED** on this 20th day of July, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE